IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:14-cr-20011-JTF-cgc |
| SAMUEL ROSSE, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

ORDER ADOPTING THE REPORT AND RECOMMENDATION
ON DEFENDANT SAMUEL ROSSE'S
SECOND MOTION TO DISMISS

_____

Before the Court is Defendant Samuel Rosse's Second Motion to Dismiss filed on April 11, 2014. (Def.'s Motion, ECF No. 46). On April 28, 2014, the Court referred the motion to the United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. §636(b). (Order of Reference, ECF No. 55). On May 28, 2014, the Magistrate Judge conducted an evidentiary hearing on the Motion. After hearing arguments from the parties, the Magistrate Judge ordered the Defendant to file a supplemental brief and allowed time for the Government's response. (Minutes, ECF Nos. 70). On May 30, 2014, Defendant filed a Bench Brief and the Government responded on June 6, 2014. (Def.'s Bench Brief, ECF No. 71; Govt.'s Resp., ECF No. 73). On June 25, 2014, the Magistrate Judge issued her report and recommendation that Defendant's Second Motion to Dismiss be denied. (Report and Recommendation, ECF No. 78). Defendant filed objections to the Magistrate's report and recommendation on July 22, 2014 to

1

which the Government filed a Reply on July 23, 2014. (Objections, ECF No. 95; Reply, ECF No. 101).

For the following reasons, the Court finds the Magistrate's report and recommendation should be adopted and Defendant's Second Motion to Dismiss DENIED.

## FACTUAL HISTORY

The Court adopts the Magistrate Judge's proposed findings of fact as the factual history of this case as well as other factual summaries included in prior Orders issued by this Court.[1] As noted above, the Defendant filed the instant Motion to Dismiss on April 11, 2014, alleging *inter alia*, prosecutorial vindictiveness. The motion was referred to the Magistrate Judge for report and recommendation on April 28, 2014.[2]

## STANDARD OF REVIEW

A United States District Court Judge may refer certain dispositive motions, including motions to dismiss indictments, to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law for disposition by the District Judge pursuant to 28 U.S.C. §636(b); *U.S. v. Houston*, Case No. 3:13-10-DCRF, 2013 WL 3975405 *1 (E.D. Tenn. July 29, 2013). The District Judge may accept, reject or modify in whole or in part, the Magistrate's proposed findings and recommendations. *U.S. v. Raddatz*, 447 U.S. 667, 673-675 (1980), *reh'g den*., 448 U.S. 916 (1980). See 28 U.S.C. §636 (b)(1)(B).

---

[1] The Court incorporates its most recent factual summation of this case found in the Order Denying Defendant's Second Motion to Produce Grand Jury Testimony entered on July 15, 2014. (Order, ECF No. 71).

[2] The Court also referred to the Magistrate Judge for determination, Defendant's First Motion to Produce the Grand Jury Testimony. (First Motion, ECF No. 66, and Order, ECF No. 68). The Magistrate Judge granted in part and denied in part that motion, allowing instead an *in camera* review of the grand jury transcripts. (Motion, ECF No. 66 and, Text Order, ECF. No. 69). After the ruling on the Motion to Produce, Defendant filed a Second Motion to Produce the Grand Jury Testimony on July 3, 2014 to which the Government responded on July 9, 2014 . (ECF No. 81, Response in Opposition, ECF No. 85). Defendant's Second Motion to Produce was denied by Order of this Court on July 15, 2014. (ECF No. 86). In the interim, the Defendant's Motion for an Extension of Time to file Objections to the Magistrate's report and recommendation was granted, ECF No. 86, allowing Defendant ten additional days from the Court's ruling on the Motion to Produce to file any written objections to the Magistrate's Report and Recommendation.

In criminal cases, the District Judge is required to make a *de novo* determination of those portions of a Magistrate's report and recommendation to which specific objections are made regarding the dispositive matters contained the report and recommendation. *Id.* at 674-675. While most actions by a Magistrate Judge are reviewed for clear error, dismissal of indictments and motions to suppress evidence are among the motions in criminal matters that are subject to *de novo* review. *U.S. Fidelity and Guarantee Co. v. Thomas Solvent Co,* 955 F.2d 1085, 1088 (6th Cir. 1992).

## ANALYSIS

### I. The Magistrate's Report and Recommendation

In her report and recommendation, the Magistrate examined whether Defendant's Second Motion to Dismiss should be granted because of prosecutorial vindictiveness. (Report and Recommendation, ECF No. 78). Defendant asserts the Superseding Indictment should be dismissed because it demonstrates a realistic likelihood of vindictiveness on behalf of the prosecutor(s). Specifically, Defendant contends the Government filed the Superseding Indictment: 1) over one year after his initial arrest; 2) to punish or penalize him for successfully exercising his constitutional rights; and 3) to expose him to harsher penalties by "upping the ante" and adding the conspiracy charge and forfeiture provisions. Defendant asserts that the prosecutor(s)' actions in this case were unreasonable and atypical because the evidence presented to the grand jury that returned the Superseding Indictment could have been presented earlier. He further asserts that forfeiture provisions were rarely added to Superseding Indictments in other similar drug cases previously assigned to the three prosecutors involved in this case. Finally, the Defendant asserts that he has been prejudiced and subjected to further delays, again in violation

of the Speedy Trial Act.[3] (Report and Recommendation, ECF No. 78, pp. 10, Defendant's Second Motion, ECF No. 46).

The Magistrate's proposed conclusions of law recommend that Defendant's Second Motion to Dismiss should be denied. In her report and recommendation, the Magistrate concluded that Defendant failed to demonstrate a realistic likelihood of vindictiveness that would justify dismissal of the Superseding Indictment. She indicated that the Defendant failed to satisfy the four requisite elements: 1) an exercise of a protected right; 2) a prosecutorial stake in the exercise of that right; 3) unreasonable prosecutorial conduct; and 4) an intent to punish the defendant because of exercising the protected right. *See generally, U.S. v Suarez,* 263 F.3d 468, 479 (6th Cir. 2001*).* (Report and Recommendation, ECF No. 78, pps. 11-13). Specifically, the Magistrate's proposed conclusions of law are as follows:

1. <u>The Defendant Exercised His Constitutional Rights</u>

The Magistrate concluded that Defendant exercised his constitutional right to move for dismissal of the indictment under the Speedy Trial Act in Case No. 12-cr-20029-JTF. Furthermore, Defendant was successful in obtaining bond in the case at hand as well as in 12-cr-20029-JTF, even though bond was ultimately revoked by this Court. (*Id.* at 13-14). Nevertheless, the Magistrate found that a presumption of prosecutorial vindictiveness does not exist in this regard. A defendant is expected to exercise his procedural due process right to file motions for bond or motions to dismiss for Speedy Trial violations when appropriate during a pretrial setting. The filing of such motions, standing alone, is insufficient to establish prosecutorial vindictiveness, especially in the pretrial stage of a case. (Report and Recommendation, ECF No. 78, pp. 13-14).

---

[3] The Magistrate Judge referenced that Defendant also raised an issue of actual vindictiveness in Defendant's Bench Brief, ECF No. 71, ¶3, but abandoned said argument during the Evidentiary Hearing conducted on the Second Motion to Dismiss on May 28, 2014. (Report and Recommendation, ECF No. 78, p.12 n.13).

2. A Prosecutorial Stake in the Pretrial Stage of a Criminal Proceeding

The Magistrate's report and recommendation indicated that from the perspective of the government, there is little at stake in the early pre-trial stage of a criminal proceeding. The Magistrate indicated that because the Government's burden is less at the pre-trial stage, in comparison to the post-trial/post-conviction stage, the Government has less of a stake in the outcome of a pretrial motion, making the possibility of vindictiveness far less likely. *United States v. Andrews,* 633 F.2d 449, 454 (6th Cir. 1980) (*en banc*). Thus, in the case at hand, the Defendant's bond requests and motions to dismiss do not appear to have triggered a vindictive response from the Government. (Report and Recommendation, ECF No. 78, pp. 14-15).

3. Were the Prosecutor(s)' Actions Unreasonable or Vindictive?

The Magistrate determined that AUSA Kitchen's statements regarding the filing of additional counts that would subject Defendant to thirty years imprisonment were not unreasonable or indicative of prosecutorial vindictiveness. (Report and Recommendation, ECF No. 78, pp. 15-21). The Magistrate indicated that the decision whether or not to prosecute and what specific charges to bring before the grand jury is always within the prosecutor's discretion. Similarly, the Magistrate's report and recommendation proposed that the Court reject Defendant's argument that the prosecutors acted unreasonably, and displayed a clear intent to punish by subjecting him to harsher penalties and a forfeiture of his asserts. (ECF No. 78, pp. 21-24). The Magistrate noted that the Government's filing of a Superseding Indictment that contains an additional charge when based on newly-obtained evidence is insufficient to prove a vindictive prosecution claim. *See Bordenkircher v. Hayes,* 434 U.S. 357 (1978).

4. The Speedy Trial Allegations, Unwarranted Delays and Listing of Other Prosecutions

Additionally, the Magistrate recommended that Defendant's Speedy Trial Act claims pertaining to the prior case, particularly the alleged showing of prejudice had been resolved by dismissal, and were inconsequential to the current proceeding. The report and recommendation noted that a new Speedy Trial Clock starts each time the Government re-indicts a Defendant. Furthermore, the Magistrate concluded that the Defendant is precluded from seeking review of these Speedy Trial claims until a final disposition of the current matter, at which time he may then seek appellate review before the Sixth Circuit Court of Appeals.

Regarding Defendant's claims of prosecutorial vindictiveness based on the delays that occurred while Defendant was in transit and awaiting the mental competency evaluations, the Magistrate recommended that those claims be found meritless. *See* 18 U.S.C. §§ 4247 and *U.S. v. Tinklenberg*, 579 F.3d 589, 595 (6th Cir. 2009). (Report and Recommendation, ECF No. 78, pp. 26-30).

The Magistrate noted that the test for prosecutorial vindictiveness is whether there is a realistic likelihood of vindictiveness based on the particular factual situation at hand. Therefore, the Magistrate recommended that the Court find the supplemental listing of other drug cases prosecuted by the three Assistant United States Attorneys involved in both of the *Rosse* cases irrelevant. *U.S. v. McFaydyen-Snider*, 590 F.2d 654 (6th Cir. 1979). (ECF No. 78, pp, 31-34).

**II. Defendant's Objections to the Magistrate's Report and Recommendation**

Defendant makes the following objections to the Magistrate's report and recommendation: 1) actual vindictiveness; and 2) a realistic likelihood of vindictiveness on

behalf of the Government. (Objections, ECF No. 95, pp. 5-10). The Court will address both objections in turn.[4]

A. **<u>Actual Vindictiveness Claim</u>**

It is difficult to understand Defendant's actual vindictiveness claim, especially when he appeared to have abandoned this claim during the hearing before the Magistrate. Because of this, the Magistrate did not include an actual vindictiveness analysis in her report and recommendation. The Court finds the Magistrate correctly concluded that the actual vindictiveness arguments raised in Defendant's Bench Brief had been abandoned during the evidentiary hearing on May 28, 2014. The Magistrate indicated in her report and recommendation that:

> As stated in the text, actual vindictiveness was raised in the Defendant's Bench Brief, DE 71, ¶13 but abandoned by counsel during the evidentiary hearing. Further Defendant never presented any objective evidence other than asserting, "Kitchens [sic] intent was clear and the actions that followed rise to the level of "actual vindictiveness."

See Report and Recommendation, ECF No. 78, n. 13). The Court agrees. The transcript of the evidentiary hearing clearly denotes that in response to inquiry from the Magistrate, Defendant asserted he was not pursuing an actual vindictiveness claim but instead, was attempting to introduce evidence of the prosecutors' actions in other cases to meet the unreasonable and intent-to-punish prongs of a reasonable likeliness of vindictiveness claim. (ECF No. 76, pp. 398-399).

The Court is not required to address the merits of an actual vindictiveness claim since that claim was abandoned before the Magistrate Judge. The Sixth Circuit has addressed the issue regarding whether a party may raise new arguments before a district judge that were not

---

[4] The Court granted Defendant more time than the fourteen days provided by 28 U.S.C. §636(b)(1)(C) to file his objections pending the Court's ruling on Defendant's Second Motion to Produce the Grand Jury Testimony entered on July 15, 2014. (Motion for Extension, ECF No. 83, and Order, ECF No. 86)

presented to the magistrate judge. *Glidden Co. v. Kinsella*, 386 Fed. Appx. 535, 544 n.2 (6th Cir. 2010). In *Glidden*, the Sixth Circuit joined the First, Fifth, Eighth and Tenth Circuits in holding that a party waives an argument if it does not raise it before a magistrate judge. *Id*. Similarly, in a prior ruling, the Sixth Circuit noted that a party's failure to raise an argument before the magistrate judge constitutes waiver. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)(in §2255 habeas proceeding, absent compelling reasons, parties are not allowed to raise at the district court stage new arguments or issues not presented to the magistrate).[5] The Court finds the Defendant's actual vindictiveness claims, formally raised in his objections to the Magistrate's report and recommendation after abandonment during the evidentiary hearing, are improperly before the Court. *Glidden Co.,* 386 Fed. Appx. at 544 n.2. However, because of the split in authority, and out of an abundance of caution, the Court will review Defendant's actual vindictiveness claim.

As noted, the Defendant now asserts that he has demonstrated actual vindictiveness of the Government under *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003); *U.S. v. Andrews*, 633 F.2d 449, 456 (6th Cir. 1980) and *Hayes v. Cowan*, 547 F.2d 42 (6th Cir. 1976), judgment reversed by *Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978). Defendant contends that the Government continually accused Defense Counsel of lying and perjury. Defendant also argues the Government withheld evidence from a federal judge while openly stating its intention to add charges against Defendant that would result in his imprisonment for thirty years. Defendant contends that because the Prosecutor openly stated before the District Court that it was considering adding additional charges and increasing the possibility of incarceration to thirty

---

[5] The Circuits are split on this issue. In *U.S. v. George*, 971 F.2d 1113 (4th Cir. 1992)(district court must address all arguments regardless of whether they are raised before the magistrate judge); *U.S. v. Howell*, 231 F.3d 615 (9th Cir. 2000)(district court has discretion to not consider an argument not presented to the magistrate judge); Williams v. McNeil, 557 F.3d 128 (11th Cir. 2009)(district court has discretion to not consider an argument not presented to the magistrate judge).

years, he has proven actual prosecutorial vindictiveness. The basis for this argument is the colloquy before the undersigned court during the bond appeal hearing on February 5, 2014.[6] Defendant also adds that during the most recent plea negotiations, the Government has displayed further evidence of actual vindictiveness by seeking an increased term of imprisonment based on Defendant's age. (Objections, ECF No. 95, p. 6; Email Exhibit, ECF No. 95-1). Defendant contends these factors comprise objective evidence of actual prosecutorial vindictiveness. (Objections, ECF No. 95, pp. 4-5). Defendant also argues the Magistrate Judge failed to analyze all of the underlying facts that are critical to a determination of prosecutorial vindictiveness. These arguments have no merit.

In order to adequately establish an actual vindictiveness claim, a defendant must produce "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." Thus, the burden placed on a defendant is "onerous" and is "exceedingly difficult" to carry. *Dupree* at 489. In the case at hand, Defendant has failed to carry his burden.

The Court finds the Magistrate Judge thoroughly reviewed "all of the pleadings and transcripts" of both cases and conducted an *in camera* review of the grand jury proceedings with the parties' consent. (Report and Recommendation, ECF No. 78, p. 11). Therefore, the Court finds Defendant's arguments regarding the Magistrate's failure to review and analyze critical underlying facts are substantially without merit. Also, the Court finds the Magistrate correctly concluded there was new evidence presented to the Grand Jury which supports the additional charge in the Superseding Indictment. (ECF No. 78, pp. 18-20).

Upon a *de novo* review of the Magistrate's report, the Court again finds she evaluated all of the relevant facts, reviewed and extensively quoted colloquies from the transcripts, while

---

[6] Contrary to Defendant's argument, this discussion was addressed in the Magistrate's report and recommendation. (Report and Recommendation, ECF No. 78, pp. 16-17).

examining each element of Defendant's claims of vindictiveness.  Although, the Magistrate Judge did not evaluate the Defendant's position in terms of actual vindictiveness, the Magistrate correctly found that the methods employed by the Prosecutors regarding what charges to bring and when, a lawful and discretionary function of those assigned to prosecute the case. *Bordenkircher*, 434 U.S. at 357.  (Due process is not violated when a prosecutor carries out a threat made during plea negotiations to have an accused re-indicted on more serious charges.)

      1.   <u>The Government's Accusation of Perjury and Withholding Information</u>

Defendant specifically asserts that the Government accused Defense Counsel, Daniel Hancock, of making false representations in his affidavit which accompanied his objections to the Magistrate's Report and Recommendation entered on October 21, 2013.[7]  (ECF No. 95, ¶5) The Court finds the reference to this Exhibit of little help in addressing the Motion to Dismiss for prosecutorial vindictiveness. The affidavit from Defense Counsel was offered in support of the First Motion to Dismiss Indictment in the prior case. That issue has been decided by the Court previously and that case dismissed.  The Government's criticism of Defense Counsel's affidavit in the prior case adds nothing to Defendant's claim of vindictiveness.

The Court finds this issue has no bearing on the Magistrate's report and recommendation and was not raised previously in Defendant's Second Motion to Dismiss.  (ECF No. 46).  The Defendant has referenced a conversation between Mr. Hancock and AUSA Chris Scruggs regarding the Speedy Trial Act. The Defendant asserts that AUSA Scruggs was not forthcoming with the Court by standing silent during the hearing on September 18, 2013, regarding the Speedy Trial implications. (*Id*. at ¶ 6).  Again, the Court finds this incident has no bearing on the pending case and whether there was actual prosecutorial vindictiveness.

---

[7] Exhibit to Objections to Magistrate's Report,  ECF No.  66-1 in Case No. 12-20229.

During the bond review proceedings before this Court on February 5, 2014, and referenced by Defendant, the issue regarding whether Defendant would be treated fairly by the Government arose. (ECF No. 95, p. 3, ¶5e). The transcript contains the following discussion:

> **MR. BENCA**: Mr. Kitchen refuses to discuss with me outside of writing, so I have not received any offer in this case.
>
> **MR. KITCHEN**: Your Honor --
>
> **MR. BENCA:** To make sure on the record, I'm going to provide the letters that I sent to him at the next hearing, but we need to have a report, but I don't feel, quite candidly I don't think Mr. Kitchen is going to treat Mr. Rosse fair in light of what I've seen happen  --
>
> **THE COURT**: At least as to this consent, the interaction between lawyers and the discussions for settlement or lack thereof, that's -- that's you – all's business out in the hallway.

(ECF No. 50, pp. 149-150). The Court has already noted that disagreements among counsel have nothing to do with the proceedings at issue before the Court. Further, the Sixth Circuit has noted that the "vindictive prosecution" doctrine was designed to prevent retaliation against the defendant for the assertion of his protected rights, "not to police the emotions of prosecutors." *U.S. v. Suarez*, 263 F.3d at 482. Similar to *Suarez*, Defendant in this case argues that the prosecutor was out to get him by accusing his Defense Counsel of lying, adding additional and harsher counts, withholding evidence, and failing to offer a reasonable plea when finding out his age. Although Defense Counsel and the AUSA had some difficult instances, both inside and outside of the courtroom, reportedly leading to the need for written exchanges, the Court finds none of these instances even remotely indicate any level of vindictiveness or wrongdoing.

    2. <u>The Government's Threat to Add Additional Charges and Increase Punishment</u>

The Defendant next objection is that the prosecutor's threat of filing additional charges is objective evidence of actual prosecutorial vindictiveness. (ECF No. 95, p. 7). The Government

responds that under *U.S. v. Suarez*, the fact that a Superseding Indictment was brought against the Defendant is not evidence of actual prosecutorial vindictiveness. (ECF No. 101, p. 8). The Government asserts that according to *U.S. v. Andrews*, 633 F.2d at 454, as long as the prosecutor had probable cause to believe the accused committed the offense defined by the statute, the decision whether to prosecute the defendant for that offense rests entirely within the prosecutor's discretion. *See also Bordenkircher*, 434 U.S. at 364. Further, in disputing whether the Government acted with actual vindictiveness by increasing the number of years offered to settle the case during the latest plea negotiations, the Government contends that as long as the defendant is capable of rejecting the prosecutor's offer, there is no element of excessive punishment or retaliation. *Id*. at 363; Gov't Reply, ECF No. 101, p. 9).

In <u>*Bordenkircher*</u>, there was no prosecutorial vindictiveness even when the prosecutor threatened to "up the ante" by bringing a new indictment. *Id.* at 363. The Supreme Court, for the first time, considered an allegation of vindictiveness that arose in a pretrial setting. The Court held that the Due Process Clause of the Fourteenth Amendment did not prohibit a prosecutor from carrying out a threat made during plea negotiations to bring additional charges against an accused that refused to plead guilty to the offense with which he was originally charged. The prosecutor in that case had explicitly told the defendant that if he did not plead guilty and "save the court the inconvenience and necessity of a trial" he would return to the grand jury to obtain an additional charge that would significantly increase the defendant's exposure. The defendant refused to plead guilty and the prosecutor obtained the new indictment. It was undisputed that the additional charge was justified by evidence that was in possession of the prosecutor at the time the original indictment was obtained. It was also not disputed that the prosecutor sought the additional charge because of the accused's refusal to plead guilty to the

original charge. Under those facts, the Court found that the prosecutor did not abuse his discretion. *Id.* at 363-364. In this case, the Court agrees with the Magistrate that the Defendant has failed to show actual vindictiveness or even a realistic likelihood of prosecutorial vindictiveness by AUSA's filing new charges.

In addition to the Court's review of each of Defendant's assertions outlined above, the Court has considered Defendant's claims in their totality. Clearly, each of the Defendant's individual claims fall short of what is required to show prosecutorial vindictiveness. However, does the cumulative effect of all alleged instances of abuse amount to prosecutorial vindictiveness? It is this Court's view that, even when all of Defendant's alleged transgressions of the Prosecutors are combined and considered as a whole and as a wide ranging incidence of abuse, Defendant has fallen short of what is required. All that has been shown is that the lawyers representing the Parties don't like each other. Because of that, Defendant continually brings to this Court the disagreements, and cries prosecutorial abuse. However, he has not proven vindictiveness.

### B. Reasonable or Realistic Likelihood of Prosecutorial Vindictiveness Claim

The Defendant also contends that the Government's handling of this case demonstrate a "reasonable likelihood of prosecutorial vindictiveness." *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001); *Goodwin*, 457 U.S. at 373. Similar to "actual prosecutorial vindictiveness," in order for a defendant to establish a "realistic likelihood of vindictiveness" based on the prosecutor's action, the defendant must establish: 1) he exercised a protected right, 2) the prosecutor has some 'stake' in deterring the petitioner's exercise of his right; 3) the prosecutor's conduct was somehow "unreasonable;" and 4) there was an intent to punish. *Bragan*, 249 F.3d at 482-483. If the first three elements are established, then a presumption arises that there is a

realistic likelihood of prosecutorial misconduct. *Suarez*, 263 F.3d at 479. Once a court has found a realistic likelihood of vindictiveness exists, the Government then bears the burden of disproving it or justifying the challenged state action. *Andrews*, 633 F.2d at 456. "[O]nly objective, on-the-record explanations can suffice to rebut a finding of realistic likelihood of vindictiveness." *Id.*

Defendant objects to the Magistrate's recommendation that he failed to demonstrate a reasonable likelihood of prosecutorial vindictiveness. The Defendant specifically asserts: 1) the Magistrate Judge failed to adequately address whether there was a prosecutorial stake in the pre-trial motions; 2) the Magistrate Judge ignored that AUSA Kitchen displayed unreasonable conduct and should have been aware of all of the evidence dated back to May 2012, and 3) the Magistrate Judge failed to address whether AUSA Kitchen attempted to subject the Defendant to harsher penalties.

The Government replies that all of the issues cited in Defendant's objections were thoroughly reviewed and properly addressed by the Magistrate Judge. (ECF No. 101, pp. 9-13). The Government also responds that due process is usually not offended when a prosecutor acquires a superseding indictment that results in the possibility of increased punishment. The Government contends that this principle defeats Defendant's argument that AUSA Kitchen's intention was to punish when he sought the superseding indictment. *Blackledge*, 417 U.S. at 27; (ECF No. 101, p. 13). In response to Defendant's objections regarding the Magistrate's Speedy Trial finding, the Government merely asserts that Defendant has failed to offer a basis for his objections. (ECF No. 101, p. 14).

1. Defendant Exercised a Protected Right

The Magistrate concluded that Defendant exercised a protected right by filing the motions for bond and the motions to dismiss the indictments. There is no objection to this recommended finding.

2. Whether the Prosecutor(s) Had A Stake in the Petitioner's Exercise of his Right?

The Defendant has objected to the Magistrate's determination that the prosecutors did not have a "stake" in this matter primarily because Defendant exercised his due process rights during the pretrial proceedings of both cases. Without providing any authority in support, Defendant asserts that Judge Claxton, in failing to analyze the facts of this case, relied on the wrong rule of law. (Objections, ECF No. 95, p. 7).

The Magistrate concluded the Government had no prosecutorial stake in the proceeding when the Defendant exercised his rights in the pretrial setting. The Magistrate concluded that "[i]n this case, because the District Court ultimately held that Defendant would be detained pending trial, there is even less motive for the prosecution to exercise vengeance on Defendant than in *Andrews*." (Report and Recommendation, ECF No. 78, p. 15).

Courts are indeed required to examine the facts of each case and decide whether the prosecutor had a stake in an outcome, and thereby a reason to deter the exercise of some constitutional right. *Andrews*, 633 F.2d at 454. However, *Andrews* rejected the notion that in every pretrial setting, the prosecutorial stake is so *de minimus* there can never be a realistic likelihood of vindictiveness. *Id.* The Supreme Court cautioned against adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. *Goodwin*, 457 U.S. 368, 381 (1982). Further, the determination of a prosecutorial stake is but one factor in proving vindictiveness. *Suarez*, 263 F.3d at 479-480. "[W]hile the timing [of the superseding indictment]

certainly does not compel the conclusion that a change in the indictment was a product of vindictiveness, it does make the possibility more likely than would a change at a pretrial stage." *U.S. v. Poole*, 407 F.3d 767, 776 (6th Cir. 2005).

The conclusive issue is whether the prosecution is negatively impacted by having to retry a decided question or do over what it thought it had already done correctly. *U.S. v. Roach,* 502 F.3d 425, 444 (6th Cir. 2007) *quoting Goodwin,* 457 U.S. at 383. Additionally, a prosecutorial stake exists where a defendant's post-conviction or post-trial appeal requires the expenditure of additional resources and could ultimately result in the defendant going free. The Court in *Blackledge* noted that a prosecutor may have a considerable stake in deterring appeals from convictions since the prosecutor would have to try the case all over again requiring increased expenditures and prosecutorial resources. *Blackledge*, 417 U.S. at 27-28. *See also U.S. v. McCreary- Reed,* 407 Fed. Appx., 861, 869 (6th Cir. 2010). On the other hand, a prosecutor who loses a bail motion does not retry the case and has not incurred considerable expenditures. Therefore, the Court finds the Magistrate analyzed the facts of this case and correctly found that, at this stage, no perceived prosecutorial stake existed.

3. <u>Was the Prosecutor's Conduct Unreasonable?</u>

Defendant objects to the Magistrate's report and recommendation on the basis that she failed to examine whether the prosecutor's conduct was unreasonable. The Defendant suggests that the Magistrate failed to address that AUSA Kitchen's conduct was unreasonable in the following instances: 1) by failing to address Defense Counsel' alleged false affidavit; 2) withholding certain information from the Court regarding alleged threats against a co-conspirator(s); 3) the prosecutor's threat to amend the indictment to add more charges to enhance Defendant's punishment to thirty years, and last, 4) the AUSA's assertion that he was unaware of

certain incriminating facts against the Defendant until investigations in preparation for the detention hearing. (Objections, ECF. No. 95, pp 8-9).

The Magistrate Judge determined that the prosecutor's decision to seek the superseding indictment, even if evidence of more severe charges was available and known to the Government at the time the original indictment was sought, was not unreasonable. (ECF. No. 78, p. 20). The Magistrate determined that not only does a prosecutor have the right to negotiate a guilty plea but also has the discretion to seek additional charges. *Bordenkircher v. Hayes,* 434 U.S. 357 (1978). Allegations that AUSA Kitchen's conduct was unreasonable in this case is speculative and without support in the record.

    4. <u>Intent to Punish</u>

Defendant objects that the Magistrate Judge failed to address whether AUSA Kitchen's alleged attempts to subject him to harsher penalties satisfied the intent-to-punish prong of a realistic likelihood of vindictiveness claim. The Magistrate Judge concluded that under the applicable guideline range, should Defendant be found guilty of both charges in the superseding indictment, it was probable that the penalties would be merged at sentencing, rendering Defendant's enhanced punishment argument void and without merit. U.S. Sentencing Guidelines Manual §2D.1.1 and §3D1.2 (2011). (Report and Recommendation, ECF No. 78, pp. 22-23). Furthermore, the Sixth Circuit has clearly ruled that filing a superseding indictment that contains an additional count is insufficient to demonstrate a realistic likelihood of prosecutorial vindictiveness or an intent to punish. *U.S. v. Ewing*, 94-3010, 1994 WL 577055 at *3 (6th Cir. 1994). Therefore, the Magistrate Judge correctly indicated that the mere acquisition of a superseding indictment with additional charges based on previously unavailable evidence is unsupportive of a claim of prosecutorial vindictiveness. *Suarez*, 263 F.3d at 480. (Report and

Recommendation, ECF No. 78, p. 24). The Court overrules Defendant's objections that Mr. Kitchen's actions in bringing a Superseding Indictment were indicative of his intent to punish and subject Defendant to harsher penalties.

Also, Defendant's newly-asserted claim that an intent to punish is evident by the Government's email showing the desire to seek twenty five (25) years of incarceration is also without merit. The Supreme Court has upheld there is no such element of punishment or retaliation during the give-and-take of plea bargaining, as long as, the defendant is able to reject or accept the Government's offer. *Bordenkircher,* 434 U.S. at 363. In the alternative, a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial but may file additional charges if the initial expectation that the defendant would plead guilty to lesser charges proves futile. *Goodwin*, U.S. at 379.

By reviewing the bond and motion hearing transcripts in both cases, the Magistrate has examined the prosecutor(s)' behavior. Therefore, Defendant's objections in this regard are purely conclusory and unsupported by the record. *Howard v. Secretary of Health and Human Sciences*, 932 F.2d 505, 509 (6th Cir. 1991) and *U.S. v. Walters*, 638 F.2d 947, 951 (6th Cir. 1981). The Court concludes the Magistrate Judge examined all four prongs needed to establish a realistic likelihood of vindictiveness claim, concluding they did not exist in this case. *Bragan*, 249 F.3d at 482-483.

## CONCLUSION

After a *de novo* review of the Magistrate's report and recommendation, including Defendant's objections and the Government's reply, the Court adopts the Magistrate's recommendation and finds that Defendant's Second Motion to Dismiss should be **DENIED.**

**IT IS SO ORDERED** on this 29th day of July, 2014.

                                                  ***s/John T. Fowlkes, Jr.***
                                                 John T. Fowlkes, Jr.
                                                 United States District Judge